### MITCHELL v GENERAL MOTORS CORPORATION

Docket No. 78-1159. Submitted February 21, 1979, at Detroit.—Decided April 16, 1979. Leave to appeal applied for.

Ernest O. Mitchell was granted workmen's compensation benefits after his early retirement because of breathing problems. There was evidence before the Workmen's Compensation Appeal Board from which it may be inferred that plaintiff developed asthma, bronchitis, and emphysema from exposure to pulmonary irritants in his workplace at General Motors Corporation. Plaintiff testified that he decided to retire early because his breathing problems progressed to the point that he had difficulty getting through a day's work. Defendant sought to establish that the breathing problems were not severe and that plaintiff had retired early in order to obtain higher pension benefits until age 65. The appeal board, having concluded that plaintiff became disabled because of exposure to pulmonary irritants in the workplace and indicating that "it is immaterial why plaintiff left his job", affirmed the order granting compensation. Defendant appeals. *Held:*

1. The existence of competent evidence supporting the findings of fact of the Workmen's Compensation Appeal Board does not relieve the Court of Appeals from considering the question of whether the appeal board improperly excluded from its consideration evidence relating to the reason the workman terminated his employment.

2. The Workmen's Compensation Appeal Board correctly recognized that the real issue is whether or not the workman suffered a work-related disability; but it erred in concluding that the reason the workman terminated his employment is immaterial to the question of whether he suffered a loss of wage-earning capacity.

3. The weight to be given to evidence of the reason a workman terminated his employment is for the Workmen's

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 633.

[2] 82 Am Jur 2d, Workmen's Compensation § 240 *et seq.*

[2, 3] 82 Am Jur 2d, Workmen's Compensation §§ 347, 349.

[3] 82 Am Jur 2d, Workmen's Compensation § 634.

Compensation Appeal Board in its determination of whether the workman suffered a loss of wage-earning capacity.

Remanded for reconsideration.

1. WORKMEN'S COMPENSATION — WORKMEN'S COMPENSATION APPEAL BOARD — FINDINGS OF FACT — QUESTION OF LAW.

The Court of Appeals must still consider the question of whether the Workmen's Compensation Appeal Board improperly excluded from its consideration evidence relating to the reason a workman terminated his employment even where there is competent evidence supporting the findings that the workman's disability was work-related.

2. WORKMEN'S COMPENSATION — TERMINATION OF EMPLOYMENT — WAGE EARNING CAPACITY.

The real issue in determining whether a workman is entitled to workmen's compensation benefits is whether or not the workman suffered a work-related disability; however, it is improper for the Workmen's Compensation Appeal Board, in reaching a determination on this issue, to conclude that the reason the workman terminated his employment is immaterial to the question of whether he suffered a loss of wage-earning capacity.

3. WORKMEN'S COMPENSATION — WORKMEN'S COMPENSATION APPEAL BOARD — FINDINGS OF FACT — WAGE EARNING CAPACITY.

The weight to be given evidence of the reason a workman terminated his employment is for the Workmen's Compensation Appeal Board in its determination of whether the workman suffered a loss of wage-earning capacity.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.,* for plaintiff.

*Francis S. Jaworski (Otis M. Smith,* of counsel), for defendant on appeal.

Before: ALLEN, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

R. B. BURNS, J. Defendant appeals from an order of the Workmen's Compensation Appeal Board affirming the decision of the referee ordering payment of compensation benefits to plaintiff.

Plaintiff worked for defendant in an automobile

body construction plant as a laborer from 1946 until January 24, 1974. There was evidence from which it may be inferred that plaintiff developed asthma, bronchitis, and emphysema from exposure to dust, smoke, fumes, and other pulmonary irritants in the plant. Plaintiff testified that he decided to retire early, because his breathing problems had progressed to the point where he had great difficulty getting through a day's work. Defendant sought to establish that plaintiff's breathing problems were not severe and were under control and that plaintiff actually retired early in order to obtain the higher pension benefits until age 65 which would apply before a pending change in the pension plan took effect. Medical testimony concerning disability and work relatedness was conflicting. After weighing the testimony, the board concluded that plaintiff became disabled from exposure to pulmonary irritants in the workplace. In the course of its opinion, the board referred to the controversy concerning the reason for plaintiff's early retirement, stating:

"Be that as it may, it is immaterial why plaintiff left his job and the real issue is whether or not he suffered a work-related disability. *Perry v Standard Automotive Parts,* 392 Mich 756 (1974); *Ward v Detroit Bd of Education,* 399 Mich 879 (1977)."

It is not disputed on appeal that there exists competent evidence in the record to support the findings of fact made by the board. Rather, defendant argues that the board made an error on a question of law, see, *e.g., Aquilina v General Motors Corp,* 403 Mich 206, 213; 267 NW2d 923, 926 (1978), by concluding that it was immaterial why plaintiff left his job. Assuming defendant is correct, we may infer that the board might have

reached a contrary conclusion had it not erroneously excluded from its consideration material evidence. Consequently, plaintiff's argument that we may not, or need not, reach the question of law because there exists competent evidence to support the board's findings of fact is without merit. If, having found evidence to have been improperly excluded from consideration, we were to nonetheless affirm because other competent evidence supports the conclusion of the board, we would be improperly substituting our discretion for that of the board as to the weight to be given the excluded evidence vis-à-vis the remaining evidence. See, *e.g., Pulley v Detroit Engineering & Machine Co,* 378 Mich 418, 424; 145 NW2d 40, 43 (1966).

Although the board correctly recognized that the real issue was whether or not plaintiff suffered a work-related disability, rather than why plaintiff left his job, the board erred in concluding that the reason plaintiff left his job is immaterial.

Whether a worker has a compensable disability depends upon whether his injury resulted in a loss in wage earning capacity. See, *e.g., Sims v R D Brooks, Inc,* 389 Mich 91, 93; 204 NW2d 139, 140-141 (1973), *Pulley v Detroit Engineering & Machine Co, supra, Medacco v Campbell, Wyant & Cannon Foundry Co,* 48 Mich App 217; 210 NW2d 360 (1973). Loss of wage earning capacity is a complex fact issue dependent upon the nature of work performed, continuing availability of work of that kind, the nature and extent of the disability, and the wages earned subsequent to injury. See *Pulley v Detroit Engineering & Machine Co, supra,* at 423; 145 NW2d at 43, *Frammolino v Richmond Products Co,* 79 Mich App 18, 27; 260 NW2d 908, 913 (1977). Evidence that an employee was still able to perform his job after injury is proba-

tive of the issue of whether the employee suffered a loss of wage earning capacity, but need not be decisive; it is only one of a complex of factors to be considered. See *Pulley, supra, Medacco v Campbell, Wyant & Cannon Foundry Co, supra, Ward v Detroit Board of Education,* 72 Mich App 568, 575-579; 250 NW2d 130, 133-134 (1976) (BRONSON, J., dissenting). Similarly, evidence that an employee left his job for reasons unrelated to his injury tends to establish that he was still able to do the work, and had not suffered a loss in wage earning capacity.

Since the reason why an employee leaves his job is only one factor pertinent to the ultimate issue of whether the employee is entitled to compensation for his injury, it is improper to shift the inquiry from whether there was a loss in wage earning capacity to the issue of why the employee left his employment. Thus, in *Perry v Standard Automotive Parts,* 392 Mich 756 (1974) and *Ward v Detroit Board of Education,* 399 Mich 879 (1977), the Supreme Court remanded to the board for determination of whether plaintiffs suffered work-connected disabilities and not whether their work was terminated as a result of work-connected disabilities. *Perry* and *Ward* did not hold that the reason for termination is irrelevant to the determination of whether there was a loss in wage earning capacity. Such evidence is relevant. See *Pulley, supra, Medacco, supra.*

Evidence that plaintiff retired early because of lung problems would tend to establish loss of wage earning capacity. Evidence that he left early to obtain higher pension benefits would tend to establish the contrary. The weight to be given the evidence is for the board's determination.

Remanded for reconsideration.