BENAVIDES v EDWARD C LEVY COMPANY

Docket No. 59141. Submitted April 21, 1982, at Lansing.—Decided July 12, 1982. Leave to appeal applied for.

Plaintiff, Felix R. Benavides, suffered a heart attack on February 4, 1972, while working for defendant Edward C. Levy Company. At the time of this injury plaintiff earned $297.31 a week. Plaintiff did not petition for workers' compensation benefits and returned to restricted work with Levy on May 15, 1972. In November of 1972 plaintiff began working four hours a day at his old job and four hours a day at a favored-work station. On July 19, 1974, plaintiff had a choking spell and passed out. At that time his average weekly wage was $209.60. Plaintiff never returned to work after July 19, 1974. On November 7, 1974, plaintiff filed a petition with the Bureau of Workers' Disability Compensation alleging a personal injury date of February 4, 1972, and an occupational disease disablement date of July 22, 1974. After hearings, an administrative law judge found that plaintiff was totally disabled between February 4, 1972, and May 14, 1972. The administrative law judge ordered defendant Maryland Casualty Company (Levy's insurer) to pay plaintiff $89 per week for the period of total disability. No mention of partial disability benefits was made. The administrative law judge also found that plaintiff suffered a second work-related lung disability along with an aggravation of the heart condition on July 19, 1974. Levy, who was self-insured at that time, was ordered to pay $106 per week for the total disability, such payment to continue until further order of the bureau. Both defendants appealed the administrative law judge's decision to the Workers' Compensation Appeal Board (WCAB) which affirmed with respect to Levy but reversed the decision with respect to Maryland Casualty. Plaintiff appeals, by leave granted, alleging that pursuant to the statute regarding com-

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 625.
[2] 82 Am Jur 2d, Workmen's Compensation § 653.
[3, 4] 82 Am Jur 2d, Workmen's Compensation §§ 367, 369.
[5] 82 Am Jur 2d, Workmen's Compensation § 384.
[6] 82 Am Jur 2d, Workmen's Compensation §§ 340, 368.

pensation for partial incapacity the WCAB should have awarded him compensation equal to 2/3 of the difference between his average weekly wage before his 1972 heart attack and his average weekly wage after his return to work in May of 1972. Plaintiff also argues that his first disability deserves continuing benefits along with his second disability. *Held:*

1. The WCAB's finding that plaintiff did not experience the loss of two wage-earning capacities is supported by the record.

2. Absent a showing of the loss of two wage-earning capacities, plaintiff was not eligible for concurrent recovery of two disability benefits arising out of one employment with one employer. The WCAB's decision concerning the denial of concurrent benefits on a continued basis is affirmed.

3. Aside from a specific loss situation, a worker can never obtain two concurrent disability awards arising out of the same employment because, no matter how many injuries are suffered by one employee, one employer is liable only for one total disability maximum for that one employee.

4. The WCAB did err when it failed to award plaintiff partial compensation for the wage loss he experienced between November 7, 1972, and July 19, 1974. Plaintiff should have been awarded 2/3 of the $87.71 difference between his wages before and after his heart attack as compensation for the loss of wages between November 7, 1972, and July 19, 1974. The WCAB's decision denying partial disability between November 7, 1972, and July 19, 1974 is, therefore, reversed and remanded for entry of an order awarding partial benefits for that period.

Affirmed in part, reversed in part and remanded.

1. WORKERS' COMPENSATION — APPEAL.

The Court of Appeals normally will decline to consider an issue in an appeal from the Workers' Compensation Appeal Board where the party raising the issue on appeal failed to raise it before the board.

2. WORKERS' COMPENSATION — PAYMENT OF CLAIMS.

The workers' compensation statute regarding the payment of a claim for compensation provides that a payment shall not be made for any period of time earlier than two years immediately preceding the date on which the employee filed an application for hearing with the bureau (MCL 418.381[2]; MSA 17.237[381][2]).

3. WORKERS' COMPENSATION — EARNING CAPACITY — CONCURRENT BENEFITS.

An employee may receive concurrent disability awards where he

establishes that two distinct earning capacities have been destroyed by disability; the test of earning capacity is established by the actual earning of wages rather than the degree of skill an individual employee possesses.

4. WORKERS' COMPENSATION — EARNING CAPACITY.

Loss of wage-earning capacity is a multifaceted fact issue in a workers' compensation action dependent upon the nature of the work performed, the continuing availability of work of that kind, the nature and extent of the disability, and the wages earned subsequent to an injury.

5. WORKERS' COMPENSATION — CONCURRENT BENEFITS.

A worker can never, aside from a specific loss situation, obtain two concurrent disability awards arising out of the same employment since, no matter how many injuries are suffered by one employee, one employer is liable only for one total disability maximum for that one employee.

6. WORKERS' COMPENSATION — PARTIAL INCAPACITY — WEEKLY COMPENSATION.

The workers' compensation statute regarding compensation for a partial incapacity provided, prior to its 1980 amendment, that while an employee's incapacity for work resulting from an injury is partial, the employer shall pay to the injured employee a weekly compensation equal to 2/3 of the difference between the employee's average weekly wages before the injury and the average weekly wages which he is able to earn thereafter (MCL 418.361; MSA 17.237[361]).

*Patrick J. Dugan,* for plaintiff.

*Charfoos & Reiter, P.C.,* for defendants.

Before: M. J. KELLY, P.J., and CYNAR and G. R. COOK,* JJ.

M. J. KELLY, P.J. Plaintiff, Felix R. Benavides, appeals a decision of the Workers' Compensation Appeal Board (WCAB) denying him benefits from defendant Maryland Casualty Company for an injury which occurred in 1972.

* Circuit judge, sitting on the Court of Appeals by assignment.

In 1969, Benavides commenced working for defendant Edward C. Levy Company as an unskilled laborer. On February 4, 1972, he suffered a heart attack while removing a 300-pound piece of iron from a conveyor. At the time of his injury, Benavides was earning $297.31 a week. Plaintiff did not petition for workers' compensation benefits following the heart attack.

On May 15, 1972, plaintiff returned to restricted employment with Levy. Although plaintiff's restricted work required lighter duty and no overtime, it did expose him to a greater amount of atmospheric contaminants. In November, 1972, plaintiff began working four hours a day at his old job and four hours a day at a favored-work station. This arrangement continued until July 19, 1974, when plaintiff had a choking spell and passed out. At the time of this episode, plaintiff's average weekly wage was $209.60. Plaintiff never returned to work after July 19, 1974.

On November 7, 1974, plaintiff filed a petition with the Bureau of Workers' Disability Compensation alleging a personal injury date of February 4, 1972, and an occupational disease disablement date of July 22, 1974. His disabilities were based upon his heart condition and his shortness of breath. In hearings held in January, March, and April, 1977, evidence was presented demonstrating that plaintiff's 1972 heart attack was work related and that he was totally disabled because of his heart condition and his bronchopulmonary condition. The administrative law judge found that plaintiff was totally disabled between February 4, 1972, and May 14, 1972. She ordered defendant Maryland Casualty Company to pay plaintiff compensation at the rate of $89 per week for the period of total disability. She made no mention of

partial disability benefits under MCL 418.361(1); MSA 17.237(361)(1). The administrative law judge also found that plaintiff suffered a second work-related lung disability along with an aggravation of the heart condition on July 19, 1974. She ordered Levy, who was self-insured at that time, to pay compensation of $106 per week for the total disability. Defendant Levy was ordered to continue to pay benefits until further order of the bureau (open award).

Both defendants appealed the administrative law judge's decision to the WCAB. The WCAB affirmed the administrative law judge's decision with respect to Levy. However, pursuant to the two-year-back rule, MCL 418.381(2); MSA 17.237(381)(2), it reversed the judge's decision with respect to benefits ordered paid by defendant Maryland Casualty. Plaintiff sought leave to appeal to this Court, which was granted.

I

Initially, we must address a procedural issue raised by defendant Maryland Casualty. According to Maryland Casualty, plaintiff failed to raise the issue of concurrent benefits during the proceedings before the WCAB. Normally, where a party fails to raise an issue before the WCAB, this Court will decline to consider it on appeal. *Medacco v Campbell, Wyant & Cannon Foundry Co,* 48 Mich App 217, 229; 210 NW2d 360 (1973). However, a review of the record and the opinion of the WCAB supports the conclusion that the issue was properly raised. Therefore, we consider the merits of the plaintiff's claim.

II

On appeal, plaintiff raises one issue. He argues

that pursuant to MCL 418.361; MSA 17.237(361) the WCAB should have awarded him compensation equal to two-thirds of the difference between his average weekly wage before his 1972 heart attack and the average weekly wage which he earned after his return to work in May, 1972. Plaintiff agrees that the two-year-back rule, MCL 418.381(2); MSA 17.237(381)(2), prevents his recovery of any compensation before November 7, 1972, the date he filed his petition for compensation, November 7, 1974, less two years. However, plaintiff contends that he should have been awarded compensation pursuant to MCL 418.361; MSA 17.237(361)—for partial incapacity—from November 7, 1972, until the further order of the WCAB. Plaintiff does not acknowledge that his claim for partial benefits terminated when he became totally disabled. He argues that his first disabililty (heart) deserves continuing benefits along with his second disability (bronchopulmonary).

An employee may receive concurrent disability awards where he establishes that two distinct earning capacities have been destroyed by disability. *Hebert v Ford Motor Co,* 285 Mich 607, 613-614; 281 NW 374 (1938); *Hughes v Lakey Foundry Corp,* 91 Mich App 170, 177; 284 NW2d 135 (1979), *lv den* 408 Mich 859 (1980). The test of earning capacity is established by the actual earning of wages rather than the degree of skill an individual employee possesses. *Hughes, supra,* 177. Loss of wage-earning capacity is a multifaceted fact issue dependent upon the nature of work performed, continuing availability of work of that kind, the nature and extent of the disability, and the wages earned subsequent to injury. *Mitchell v General Motors Corp,* 89 Mich App 552, 555; 280 NW2d 594 (1979), *lv den* 407 Mich 881 (1979).

In this case, plaintiff incurred a work-related heart injury on February 4, 1972. He returned to work on May 15, 1972. While he did experience a loss of wages, he continued to do similar work and in fact worked at his old job on a part-time basis. The WCAB did not find that plaintiff experienced the loss of two wage-earning capacities. It held in part:

"It is our opinion, after thoroughly reviewing the entire file, that plaintiff has sustained his burden of establishing by a preponderance of the evidence that he is disabled as a result of his employment duties and exposures. We find as fact that plaintiff's M.I. [heart attack] in 1972 was the result of increased demand on his system from heavy physical exertion and that this increased demand coupled with his pre-existing atherosclerosis was sufficient to cause the occurrence of the M.I.

\* \* \*

"[W]e find as fact that plaintiff suffers from a work related M.I. and a work related broncho-pulmonary condition. We further find that plaintiff's heart condition was further aggravated by his employment subsequent to his M.I. of February 4, 1972.

"Plaintiff's argument that he is entitled to two separate and continuing maximum weekly benefit payments (one from Levy/Maryland for the disability stemming from the heart attack and one from Levy/self-insured for pulmonary disabililty) is imaginative but contains no validity given the facts of this case. The law is clear that one employer, no matter how many carriers it may have, is liable for only one disability in a field of employment for each employee."

We hold that the WCAB's finding is supported by the record. Absent a showing of the loss of two wage-earning capacities, plaintiff was not eligible for concurrent recovery of two disability benefits arising out of one employment with one employer.

## III

Although it is not necessary for disposition of this appeal, we express the opinion that aside from a specific loss situation a worker can never obtain two concurrent disability awards arising out of the same employment because, no matter how many injuries are suffered by one employee, one employer is liable only for one total disability maximum for that one employee. Writing on this issue Chief Justice COLEMAN has said:

"If the injuries occur in the same employment, and are unrelated but concurrent, for example, there is no basis for a double recovery." *Hairston v Firestone Tire & Rubber Co,* 404 Mich 104, 121, fn 5; 273 NW2d 400 (1978).

In *Tidey v Riverside Foundry & Galvanizing Co,* 7 Mich App 40, 47-48; 151 NW2d 198 (1967), cited by Chief Justice COLEMAN in *Hairston,* a workman suffered two separate disabilities; a back injury in 1948 and silicosis in 1956. Judge FITZGERALD wrote:

"It seems clear, from the record, that decedent remained totally and permanently disabled from his back injury up to and including the date of his death, and, at the same time, was also disabled from silicosis and had been since at least as early as 1951.

"Plaintiff admits that decedent had no right to collect compensation for disability due to silicosis during his lifetime, because he was fully compensated for his total and permanent disability due to his back injury. * * *

* * *

"We know that the indemnity for silicosis was, in fact, not paid because the decedent was already receiving full compensation for total and permanent disability due to his back injury and, admittedly, had no right

to collect additional compensation for the disability due to silicosis. No matter how many injuries are sustained, a single employee can lose but one wage in the same line of work due to total and permanent disability."

## IV

However, we do find that the WCAB did err when it failed to award plaintiff partial compensation for the wage loss he experienced between November 7, 1972, and July 19, 1974. MCL 418.361; MSA 17.237(361) at the time relevant to this case read in part:

"(1) While the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid to the injured employee a weekly compensation equal to 2/3 of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, * * *."

According to the WCAB opinion, plaintiff's average weekly wage before his February 4, 1972, heart attack was $297.31. The WCAB found that his average weekly wage before his 1974 disability was only $209.60. Therefore, plaintiff should have been awarded two-thirds of the $87.71 difference as compensation for the loss of wages between November 7, 1972, and July 19, 1974.

The WCAB's decision concerning the denial of concurrent benefits on a continual basis is affirmed. The WCAB's decision denying plaintiff partial disability between November 7, 1972, and July 19, 1974, is reversed and this case is remanded for entry of an order awarding plaintiff partial benefits for that period. Costs to plaintiff.