DURAN v SOLLITT CONSTRUCTION COMPANY

Docket No. 73005. Submitted January 11, 1984, at Grand Rapids.—
    Decided April 10, 1984. Leave to appeal applied for.

    Steven Duran, an employee of Sollitt Construction Company,
    suffered injuries arising out of and in the course of his employ-
    ment. Duran was treated at both Memorial Hospital in Michi-
    gan and Mayo Clinic in Rochester, Minnesota. Sollitt's insurer,
    CNA Insurance Company, paid workers' compensation benefits
    to Duran for a period of almost one year, then terminated
    payment of benefits on the basis of a medical report that Duran
    was able to return to work. Duran disputed the accuracy of the
    report and challenged the termination of benefits. As a result,
    Duran, Sollitt and CNA entered into an agreement whereby
    CNA agreed to pay, *inter alia,* medical expenses incurred by
    Duran. Pursuant to an agreement between Duran and his
    attorney, Memorial Hospital and Mayo Clinic were sent checks
    for 70% of the amounts owed to each, with Duran's attorney
    retaining 30% of the amount owed to each as his attorney fee.
    Memorial Hospital refused the check and demanded full pay-
    ment. Mayo Clinic deposited its check and billed Duran for the
    remaining 30%. Duran then began administrative proceedings
    with the Bureau of Workers' Disability Compensation seeking
    an order approving the 70%-30% fee division. A hearing ref-
    eree approved the fee arrangement and ordered that Duran's
    attorney be paid 30% of the amounts reimbursed to Duran to
    be used for the payment of the billings for the hospital services
    to him and that the 30% was to be considered as though paid
    by Memorial and Mayo. The Workers' Compensation Appeal
    Board vacated the order. Duran filed an application for leave to
    appeal to the Court of Appeals, which denied leave. Duran then
    sought leave to appeal to the Supreme Court, which, in lieu of
    granting leave to appeal, remanded to the Court of Appeals for
    consideration as on leave granted, 417 Mich 1078 (1983). *Held:*

    1. The WCAB was correct in ruling that the hearing referee

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 437, 644-647.
[2] 82 Am Jur 2d, Workmen's Compensation § 625.

lacked statutory authority to order the hospitals to pay Duran's attorney fees.

2. Duran's contention that if Memorial and Mayo are not to be held liable for payment of his attorney's fee then Sollitt and CNA should be was not raised before the hearing referee or the WCAB. Review is therefore precluded.

3. Duran's contention that it was improper for the WCAB to reverse the hearing referee's order as to Mayo when Mayo did not appeal the order is rejected. The reversal was proper.

Affirmed.

1. WORKERS' COMPENSATION — MEDICAL TREATMENT — ATTORNEY
   FEES — HOSPITAL BILLS.

   The Worker's Disability Compensation Act does not authorize a hearing referee to order hospitals which treat an individual suffering work-related injuries to pay that individual's attorney's fees incurred in obtaining the costs of medical treatment of the individual (MCL 418.315[1]; MSA 17.237[315][1]).

2. WORKERS' COMPENSATION — APPEAL.

   The Court of Appeals will not review issues in workers' compensation cases which were not raised before the hearing referee or the Workers' Compensation Appeal Board.

*McCroskey, Libner, VanLeuven, Feldman, Cochrane & Brock* (by *Robert O. Chessman*), for plaintiff.

*Globensky, Gleiss, Henderson & Bittner* (by *Samuel R. Henderson* and *Mary Ann Pater*), for defendants.

Before: MACKENZIE, P.J., and BEASLEY and K. B. GLASER,* JJ.

PER CURIAM. Plaintiff-appellant, Steven Duran, filed an application for leave to appeal to this Court from a decision and order of the Workers' Compensation Appeal Board (WCAB) which vacated the decision and order of the hearing referee requiring defendants, Memorial Hospital and Mayo Clinic, to accept as payment in full 70% of the

* Circuit judge, sitting on the Court of Appeals by assignment.

amounts owing for medical services rendered plaintiff for his industrial injury, with the remaining 30% to be retained by counsel as part of the legal fee. After denial of leave, plaintiff filed an application for leave to appeal to the Supreme Court, which Court remanded to this Court for consideration as on leave granted.

The case was originally heard by a hearing referee on stipulated facts. According to those facts, in January, 1977, 24-year-old construction worker Steven Duran was injured when he was pinned between a truck and a set of roof trusses while working at a construction site for defendant, Sollitt Construction Company. He was admitted to defendant Memorial Hospital for treatment from March 7 to March 19, 1977, and also travelled to an Ann Arbor hospital for intensive physical therapy in September and October of 1977. Disappointed with his lack of response to the treatment he had received, plaintiff sought treatment at the Mayo Clinic in Rochester, Minnesota, where he was admitted on March 28 and remained until April 14, 1978, and was again admitted in January, 1979. In July, 1979, the physician who had treated him earlier at Memorial diagnosed a herniated intervertebral disc, which was surgically removed in October, 1979.

Sollitt's insurer, CNA Insurance Company, paid plaintiff workers' compensation benefits for the period from January 21, 1977, through January 2, 1978. Benefits were terminated at that time on the basis of a medical report that plaintiff was able to return to work. Plaintiff challenged the termination and, in October, 1979, plaintiff, Sollitt and CNA entered into an agreement whereby CNA agreed to pay, among other items, medical expenses incurred by plaintiff. Memorial was owed $1,319.22 and Mayo, $3,019.40.

Pursuant to an agreement between plaintiff and his attorney, in November, 1979, Memorial and Mayo were sent checks for 70% of the amounts owed to each, with plaintiff's attorney retaining 30% of the amount owed to each as his attorney fee. Memorial refused its check and demanded full payment. Mayo deposited its check and sent plaintiff a bill for the outstanding 30%.

Plaintiff then began administrative proceedings seeking an order approving the 70%-30% fee division. After a hearing,[1] the hearing referee approved the fee arrangement and ordered that plaintiff's counsel be paid 30% of the amounts reimbursed to plaintiff for the payments to Memorial and Mayo for their services and that this fee was to be considered as though paid by Memorial and Mayo. The WCAB vacated this order and plaintiff appeals.

First, plaintiff contends it was an error of law for the WCAB to conclude that it did not have the authority to require Mayo and Memorial to pay a pro-rata share of plaintiff's attorney fees. MCL 418.315(1); MSA 17.237(315)(1) provides:

"The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of employment, reasonable medical, surgical, and hospital services and medicines, or other attendance or treatment recognized by the laws of this state as legal, when they are needed. After 10 days from the inception of medical care as herein provided, the employee may treat with a physician of his or her own choice by giving to the employer the name of the physician and his or her intention to treat with the physician. The employer or the employer's carrier may file a petition objecting to the named physician selected by the employee and setting forth

---

[1] Memorial Hospital was represented by counsel at the hearing. No representative for Mayo Clinic has appeared in the case.

reasons for the objection. If the employer or carrier can show cause why the employee should not continue treatment with the named physician of the employee's choice, after notice to all parties and a prompt hearing by a hearing referee, the hearing referee may order that the employee discontinue treatment with the named physician or pay for the treatment received from the physician from the date the order is mailed. The employer shall also supply to the injured employee dental service, crutches, artificial limbs, eyes, teeth, eyeglasses, hearing apparatus, and other appliances necessary to cure, so far as reasonably possible, and relieve from the effects of the injury. If the employer fails, neglects, or refuses so to do, the employee shall be reimbursed for the reasonable expense paid by the employee, or payment may be made in behalf of the employee to persons to whom the unpaid expenses may be owing, by order of the hearing referee. The hearing referee may prorate attorney fees at the contingent fee rate paid by the employee."

Plaintiff argues that the last sentence of the above statute entitles him to hold defendant hospitals responsible for a portion of his attorney fees. He further contends, citing *Aetna Casualty & Surety Co v Starkey*,[2] a case dealing with no-fault insurance, that, under equitable principles, the hospitals should be required to pay a portion of the attorney fees since they received reimbursement for their services as a result of plaintiff's attorney's efforts.

In *Boyce v Grand Rapids Asphalt Paving Co*,[3] this Court held that under the provisions of the above statute a medical care provider cannot be forced to accept only 70% of its bill, with the

[2] 116 Mich App 640; 323 NW2d 325 (1982), *lv den* 417 Mich 929 (1983).

[3] 117 Mich App 546, 549; 324 NW2d 28 (1982), *lv den* 417 Mich 1023 (1983).

remaining 30% paid to the employee's attorney for legal services, stating:

"We summarily reject plaintiff's argument that the defendant hospital should be responsible for the payment of plaintiff's counsel's fees. The controlling principle of law is well stated by the authors of 7 Am Jur 2d, Attorneys at Law, § 238, pp 277-278:

" 'The creation of the relation of attorney and client by contract, express or implied, is essential to the right of an attorney to recover compensation for services. In general, there can be no recovery from one who did not employ or authorize employment of the attorney, however valuable the result of the attorney's services may have been.' (Footnotes omitted.)"

We believe that this Court's conclusion in *Boyce, supra,* directly applies to the within case and find that the WCAB was correct in ruling that the hearing referee lacked statutory authority to order the hospitals to pay plaintiff's attorney's fees in such a manner.

In *Aetna, supra,* this Court held that under the no-fault act, medical providers could be charged with a pro-rated portion of attorney fees. The attorney in that case was defending the claimant against an action brought by his insurer under a no-fault insurance policy. However, the within case concerns the interpretation of a specific statutory clause which, from its context, seems to refer to payment by the employer or his insurer and not by the medical provider.

Plaintiff's second argument on appeal is that if Mayo and Memorial are not held liable, Sollitt and CNA should be, as it was their refusal to pay medical expenses which led to the litigation. However, plaintiff did not raise this issue with the referee or on appeal to the WCAB. Therefore,

review by this Court is precluded.[4] In any event, the settlement agreement between plaintiff and Sollitt and CNA, and also the agreement between plaintiff and CNA to redeem liability, would seem to release Sollitt and CNA from further liability.

Third, plaintiff contends it was improper for the WCAB to reverse the hearing referee's order as to Mayo when Mayo did not appeal the order. As the WCAB properly found that there was no authority for the hearing referee's order, we believe that reversal was proper. We affirm the WCAB decision vacating the order of the hearing referee.

Affirmed.

---

[4] *Benavides v Edward C Levy Co,* 117 Mich App 722; 324 NW2d 149 (1982), *lv den* 417 Mich 952 (1983); *Medacco v Campbell, Wyant & Cannon Foundry Co,* 48 Mich App 217, 229; 210 NW2d 360 (1973).