HARVLIE v JACK POST CORPORATION

Docket No. 276044. Submitted June 10, 2008, at Grand Rapids. Decided
August 21, 2008, at 9:25 a.m. Leave to appeal sought.

A workers' compensation magistrate made an open award of wage-loss
benefits and reasonable and necessary medical benefits to Richard E.
Harvlie after Harvlie's left leg was burned in a work-related accident
at Jack Post Corporation, whose workers' compensation insurer was
St. Paul Fire and Marine Insurance Company. Blue Cross Blue
Shield, Harvlie's medical insurer filed an application for mediation or
hearing in the Workers' Compensation Agency, seeking reimburse-
ment from Jack Post and St. Paul for the cost of Harvlie's medical
care. Harvlie filed a similar application for reimbursement of medical
expenses, but additionally sought costs and attorney fees incurred in
seeking reimbursement and a penalty for failure to make payments
as ordered by the magistrate. Following a hearing, a magistrate
granted the reimbursement sought by Blue Cross Blue Shield and
Harvlie and ordered Jack Post and St. Paul to pay Harvlie's attorney
fees and a penalty for late payment of benefits. The Workers'
Compensation Appellate Commission (WCAC) affirmed the magis-
trate's decision. The Court of Appeals, in an unpublished order
entered August 31, 2006 (Docket No. 270678), denied leave to appeal.
The Supreme Court, in lieu of granting leave to appeal, remanded the
case to the Court of Appeals for consideration as on leave granted.
477 Mich 1017 (2007).

The Court of Appeals *held*:

1. The WCAC correctly determined that MCL 418.315(1) au-
thorized the magistrate to order Jack Post to pay Harvlie's
attorney fees. MCL 418.315(1) requires an employer to furnish, or
cause to be furnished, reasonable medical, surgical, hospital ser-
vices, medicines, or other treatment to an employee who receives
a personal injury arising out of and in the course of employment.
The statute also authorizes a workers' compensation magistrate to
order an employer who has failed, neglected, or refused to furnish
treatment to reimburse the employee, or someone who has paid on
the employee's behalf, the reasonable expense of treatment. Fi-
nally, the statute authorizes a magistrate to prorate attorney fees
at the contingent fee rate paid by the employee.

2. Res judicata does not preclude Harvlie's claim for attorney fees. The award of attorney fees was based on Jack Post and St. Paul's failure to pay the benefits ordered after the first hearing. The issue of nonpayment of benefits could not have been raised at the first hearing.

3. Competent, material, and substantial evidence supported the magistrate's finding that the medical bills at issue would not have been paid but for the petition filed by Harvlie's attorney. The WCAC did not err in affirming that finding, and, in the absence of fraud and the presence of competent evidence, the Court of Appeals must affirm the WCAC.

Affirmed.

WORKERS' COMPENSATION — MAGISTRATES — ATTORNEY FEES — EMPLOYER'S REFUSAL TO PROVIDE TREATMENT TO INJURED EMPLOYEE.

A workers' compensation magistrate who finds that an employer has failed, neglected, or refused to furnish, or cause to be furnished, reasonable medical, surgical, hospital services, medicines, or other treatment to an employee who received a personal injury arising out of and in the course of employment has discretionary authority to award attorney fees to the employee (MCL 418.315[1]).

*Smit & Kragt, P.C.* (by *Timothy A. Kragt*), for Richard E. Harvlie.

*Kluczynski, Girtz & Vogelzang* (by *Duncan A. McMillan*) for Jack Post Corporation and St. Paul Fire and Marine Insurance Company.

Before: BANDSTRA, P.J., and TALBOT and SCHUETTE, JJ.

PER CURIAM. This matter returns to this Court on remand from our Supreme Court for consideration as on leave granted. 477 Mich 1017 (2007). Defendant employer and its insurer appeal a decision of the Workers' Compensation Appellate Commission (WCAC), which affirmed with modifications[1] an order of

---

[1] The WCAC modified the magistrate's order, in part, to reflect a nursing care service fee of $75 a visit to plaintiff's care providers. Defendants originally challenged the WCAC's modification on appeal. However, pursuant to a stipulation, this issue was dismissed by order of

the magistrate. The magistrate ordered (1) reimbursement for all reasonable expenses incurred by plaintiff's care providers from September through November 2003; (2) reimbursement for their mileage and attendant care; (3) reimbursement to Blue Cross Blue Shield (Blue Cross); (4) an attorney fee in an amount constituting 30 percent of the total of the medical bills ordered to be paid; and (5) a penalty for failing to pay the medical bills in a timely manner. We affirm.

## I. FACTS

Plaintiff, Richard E. Harvlie, sustained a burn injury to his right leg while in the course of his employment as a welder for defendant employer, Jack Post Corporation. The magistrate granted plaintiff an open award of wage loss benefits and reasonable and necessary medical benefits. Thereafter, Blue Cross filed an application for mediation or hearing, seeking reimbursement for medical expenses paid in association with the treatment of plaintiff's injury. Plaintiff then filed an application for mediation or hearing, representing that since the magistrate granted the open award, defendant had "refused to pay for reasonable and necessary medical expenses." Plaintiff sought "all benefits afforded by the [Worker's Disability Compensation] Act, along with actual costs and attorney fees in securing these benefits" and the "imposition of the penalty provisions of the Act for failure to make payments in a timely matter [sic] as prescribed by Statute, and in violation of the Order of [the magistrate]."

Following trial on the merits of the petitions, the magistrate granted the reimbursement sought by both Blue Cross and plaintiff. The magistrate set the rate for

this Court. *Harvlie v Jack Post Corp*, unpublished order of the Court of Appeals, entered March 27, 2008 (Docket No. 276044).

reimbursement to plaintiff's relatives for nursing care at $12.50 an hour. He based this rate on the earnings of plaintiff's sister-in-law at her regular work, which he found was approximately the same hourly rate as a certified nurse's assistant.

The magistrate also found that plaintiff's counsel was entitled to an attorney fee under MCL 418.315(1) with regard to the unpaid medical bills. The magistrate agreed with plaintiff's counsel that "the bills would not have been paid but for the fact that he filed a petition." Moreover, because the bills were not paid within 30 days of their receipt, the magistrate ordered defendants to pay a $1,500 penalty.

Defendants appealed to the WCAC, challenging the magistrate's award of attorney fees. The WCAC rejected each of defendants' challenges to the fee award. First, the WCAC determined that, when the last two sentences of § 315(1) are read together, "it becomes clear that the prorated attorney fee referred to should be paid by the employer/carrier and not the health care provider." The WCAC conceded that the authority to award an attorney fee against the employer or its insurance carrier would not automatically occur in all cases where there is an award of medical benefits; rather, the "plaintiff bears the burden of proving that the employer/carrier is in fact guilty of that breach, in order to have the magistrate award those attorney fees." The WCAC then opined that, in this case, where the medical bills were paid before the second trial but not before plaintiff went to the expense of hiring an attorney and filing an application, the magistrate did not abuse his authority in ordering defendant employer to pay plaintiff's attorney fees. The WCAC observed that "[i]t certainly does not appear that defendant was

routinely paying medical bills, until after plaintiff sought help from the workers' compensation agency."

Second, the WCAC rejected defendants' argument that the doctrine of res judicata barred any award of attorney fees for medical expenses incurred before the first trial because plaintiff could have sought, but did not seek, an attorney fee award for those expenses at the time of the first trial. The WCAC opined:

> What defendants fail to understand (or acknowledge) is, that it is not the compensability of the medical bills, but the ongoing failure, neglect or refusal to pay, which allows the magistrate the discretion to order the attorney fees. If plaintiff were seeking an attorney fee for medical benefits which had not been timely paid before the first trial, but had been promptly paid upon the magistrate's order, res judicata would be a bar to such an award. Here, defendants are ordered to pay an attorney fee as a result of their failure to pay medical bills, which were ordered after the first trial.

Third, the WCAC rejected defendants' assertion that the magistrate miscalculated the amount on which he assessed an attorney fee by including some of the bills paid by Blue Cross. After reviewing plaintiff's exhibits "in detail," the WCAC concluded that "[w]hile it is remotely possible that these are the same charges, defendants have simply not persuaded us that that is the case."

Fourth, the WCAC rejected defendants' assertion that there was no sound public policy reason for awarding an attorney fee, even for unpaid medical benefits, when a claimant's attorney has adequate motivation to pursue a claim on behalf of the claimant. The WCAC agreed with plaintiff that defendants overlooked one of the underlying purposes of the attorney fee provision, which is "to deter employers from breaching their statutory duty to provide medical treatment to injured

workers." The WCAC added, "Immunizing employers from liability for attorney fees whenever the claimant or a third-party payer can afford to hire an attorney would hardly give employers an incentive to pay legitimate bills in a timely manner." The WCAC opined that the magistrate did not abuse his discretion when he awarded attorney fees in this case because a rational basis for the award existed in the record: "Here there is ample evidence that the employer had notice of outstanding medical bills, but did not pay them until after plaintiff sought relief from the Workers' Compensation Agency."

Defendants now appeal.

## II. STANDARD OF REVIEW

Our review of the WCAC's decision is solely limited to ensuring the integrity of the administrative process. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 701; 614 NW2d 607 (2000). "As long as there exists in the record any evidence supporting the WCAC's decision, and as long as the WCAC did not misapprehend its administrative appellate role (e.g., engage in de novo review; apply the wrong rule of law), then the judiciary must treat the WCAC's factual decisions as conclusive." *Id.* at 703-704. This Court continues to exercise de novo review of questions of law involved in any final order of the WCAC. *Id.* at 697 n 3.

## III. ANALYSIS

### A. ATTORNEY FEES

The WCAC correctly determined that MCL 418.315(1) authorized the magistrate to order defendant employer to pay plaintiff's attorney fees. MCL

418.315(1) contains, in part, three pivotal sentences as follows:

> [1] The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of employment, reasonable medical, surgical, and hospital services and medicines, or other attendance or treatment recognized by the laws of this state as legal, when they are needed. . . .

> [2] If the employer fails, neglects, or refuses so to do, the employee shall be reimbursed for the reasonable expense paid by the employee, or payment may be made in behalf of the employee to persons to whom the unpaid expenses may be owing, by order of the worker's compensation magistrate.

> [3] The worker's compensation magistrate may prorate attorney fees at the contingent fee rate paid by the employee.

Here, the WCAC majority's construction of § 315(1) is consistent with a harmonious reading of the last two sentences of § 315(1). The third sentence of § 315(1) provides that "[t]he worker's compensation magistrate may prorate attorney fees at the contingent fee rate paid by the employee." Standing alone, this sentence contains ambiguity because it fails to identify whom the magistrate may order to pay the attorney fees. This sentence is not to be construed in isolation, however, but instead must be read in the context of the whole statute and harmonized with the statute's other provisions in a manner that effectuates the purpose intended by the Legislature. *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 159-160; 627 NW2d 247 (2001); *Ferguson v Pioneer State Mut Ins Co*, 273 Mich App 47, 52; 731 NW2d 94 (2006). The second sentence of § 315(1) addresses the consequences of an employer's failure to pay medical expenses and authorizes a magistrate to order the employer to reimburse either the injured claimant or the claimant's medical insurance provider for the

reasonable medical expenses incurred. This second sentence addresses the consequences to a nonpaying employer that "fails, neglects, or refuses" to provide reasonable medical services. The WCAC properly construed the final two sentences of § 315(1) and provided a unity of purpose for this statute.

Further, the construction given § 315(1) by the WCAC is consistent with the construction given the provision by several panels of this Court, albeit in obiter dicta. See, e.g., *Duran v Sollitt Constr Co*, 135 Mich App 610, 615; 354 NW2d 277 (1984); *Zeeland Community Hosp v Vander Wal*, 134 Mich App 815, 824-825; 351 NW2d 853 (1984).

Accordingly, the WCAC's construction of § 315(1) is not "clearly wrong," *Tyler v Livonia Pub Schools*, 459 Mich 382, 388; 590 NW2d 560 (1999), and is entitled to "respectful consideration" by this Court, *In Re Rovas Complaint Against SBC Michigan*, 482 Mich 90, 93-94, 107-108, 117-118; 754 NW2d 259 (2008). The WCAC did not misapply the law when it affirmed the magistrate's exercise of his discretionary authority to order defendant employer to pay plaintiff an attorney fee.

Section 315(1) authorized the magistrate to award plaintiff attorney fees to be paid by his former employer. Accordingly, this Court lacks the authority to independently assess whether the award of attorney fees in this case reflects the best public policy. The relief defendants seek must be supplied by the Legislature. *Lash v Traverse City*, 479 Mich 180, 197; 735 NW2d 628 (2007).

### B. RES JUDICATA

The WCAC also correctly refused to apply the doctrine of res judicata as a bar to an award of attorney fees. As a general proposition, the doctrine of res judicata applies to workers' compensation awards. See

*Gose v Monroe Auto Equip Co*, 409 Mich 147, 159; 294 NW2d 165 (1980); *Banks v LAB Lansing Body Assembly*, 271 Mich App 227, 229; 720 NW2d 756 (2006). In this specific case, however, the doctrine does not bar plaintiff's claim for attorney fees. Although the compensability of the medical bills may have been an issue that arose before the first trial, the premise for the magistrate's discretionary decision under § 315(1) was defendants' failure to pay plaintiff's medical benefits, which occurred *after* the first trial. Accordingly, the issue of nonpayment could not have been raised at the first trial. *Paige v Sterling Hts*, 476 Mich 495, 521 n 46; 720 NW2d 219 (2006). Under these circumstances, res judicata is not implicated. The WCAC committed no error in its legal analysis requiring reversal.

## C. FACTUAL DETERMINATIONS

Finally, the WCAC reasonably inferred from defendants' refusal to make the payments until plaintiff filed a petition that plaintiff's efforts "broke the medical payments loose."

The magistrate determined that plaintiff's counsel was entitled to an attorney fee because the medical bills in question would not have been paid "but for" the petition filed by plaintiff's attorney. The WCAC was required to consider this finding of fact conclusive if it was supported by competent, material, and substantial evidence on the entire record. MCL 418.861a(3); *Mudel, supra* at 698-699. The WCAC agreed with the magistrate's finding of fact, observing that "[i]t certainly does not appear that [defendants were] routinely paying medical bills, until after plaintiff sought help from the workers' compensation agency." In the absence of fraud, this Court must treat findings of fact made by the WCAC acting within its powers as conclusive if there is

"any competent evidence" to support them. *Mudel, supra* at 700-701; see also MCL 418.861a(14).

The fact that defendants paid the medical bills at issue after plaintiff hired an attorney and filed an application for hearing allows a reasonable inference that defendants would not have paid the disputed bills but for the application filed by plaintiff's attorney. The WCAC's finding is supported under the "any competent evidence" standard. It is, therefore, conclusive. The WCAC did not misapprehend or misapply its standard for reviewing the magistrate's finding of fact.

Affirmed.