RADINA v WIELAND SALES, INC

Docket No. 301090. Submitted December 7, 2011, at Lansing. Decided July 17, 2012, at 9:05 a.m.

Kim R. Radina brought an action in the Bay Circuit Court against Wieland Sales, Inc., a truck dealership, seeking to recover $63,750 for unpaid commissions after the dealership terminated his employment. Plaintiff had worked for defendant soliciting commercial-truck leases. Defendant had paid plaintiff a salary, plus 1 percent of the value of each lease he sold, payable over the term of each lease. After defendant had terminated plaintiff's employment, it had also ceased paying commission on the continuing leases, and plaintiff brought suit. Defendant moved for summary disposition, but the court, Joseph K. Sheeran, J., denied summary disposition, and following trial, the jury awarded $63,750 to plaintiff. Defendant appealed.

The Court of Appeals *held*:

1. The sales representatives commission act (SRCA), MCL 600.2961, governs when payment of a commission is due to a sales representative, recovery of damages for failure to comply with the act, and recovery of attorney fees and court costs. Under the SRCA, a "sales representative" is a person who contracts with or is employed by a principal for the solicitation of orders or sale of goods and is paid, in whole or in part, by commission. Under the common meanings of the terms, "goods" are articles of trade or merchandise and an "order" is a direction or commission to make, provide, or furnish something. Plaintiff's solicitation of commercial-truck leases was a solicitation of orders for a good. Thus, plaintiff was a sales representative under the act. To constitute a sales transaction under the SRCA, no transfer of title is required. Rather, a lease of a good constitutes an order of the good so as to render the sales representative in the transaction subject to the SRCA. The trial court properly denied summary disposition.

2. Absent a motion for remittitur or a new trial on the basis that the award of damages at trial was unsupported by the evidence, a party has waived the issue for appeal. In this case, defendant failed to move for a new trial or remittitur and thus had

waived the issue for appeal. Regardless, the terms of the leases that plaintiff procured for defendant were admitted into evidence, and a jury could reasonably have inferred that the leases were or would be paid and that commissions would be owed on the basis of those payments. Therefore, the jury had a reasonable basis for its award of damages.

Affirmed.

ACTIONS — SALES REPRESENTATIVES COMMISSION ACT — APPLICABILITY — LEASES.

Under the sales representatives commission act (SRCA), a "sales representative" is a person who contracts with or is employed by a principal for the solicitation of orders or sale of goods and is paid, in whole or in part, by commission; pursuant to the common meanings of the terms, "goods" are articles of trade or merchandise and an "order" is a direction or commission to make, provide, or furnish something; to constitute a sales transaction under the SRCA, no transfer of title is required; rather, a lease of a good constitutes an order of the good so as to render the sales representative in the transaction subject to the SRCA (MCL 600.2961).

*Hurlburt, Tsiros & Allweil, P.C.* (by *Lawrence A. Hurlburt* and *Mandel I. Allweil*), for Kim R. Radina.

*Darbee, Bosco & Hammond, P.C.* (by *James M. Hammond*), for Wieland Sales, Inc.

Before: WILDER, P.J., and TALBOT and SERVITTO, JJ.

WILDER, P.J. Defendant, Wieland Sales, Inc., appeals as of right a final judgment following a jury trial, awarding plaintiff, Kim R. Radina, damages for defendant's violation of the sales representatives commission act (SRCA), MCL 600.2961. We affirm.

### I. BASIC FACTS

In the fall of 1996, defendant, a truck dealership, recruited plaintiff to establish a commercial-truck rental and leasing business. On October 25, 1996, plaintiff agreed to work for defendant in exchange for a

compensation package including a regular salary and 1 percent of all lease revenues. The leases solicited by plaintiff were recorded by defendant as "sales," and the 1 percent payments made to plaintiff were recorded as "commission." Because of defendant's cash-flow concerns, plaintiff agreed to have the commission paid out over the term of the leases, rather than at the time the leases were executed. Plaintiff acknowledges that he only solicited leasing business for defendant and did not sell any trucks for defendant. Then, in December 2008, defendant terminated plaintiff's employment and ceased making the 1 percent payments on lease revenues generated under the leases solicited by plaintiff.

On March 31, 2009, plaintiff filed a complaint against defendant, alleging, in relevant part, that defendant's failure to continue making the 1 percent commission payments to plaintiff constituted a breach of the SRCA. On September 29, 2009, defendant moved for summary disposition pursuant to MCR 2.116(C)(10). Defendant argued that plaintiff was not protected by the SRCA because he never *sold* goods nor solicited contracts to *sell* goods at a future time. Plaintiff countered that the sale of leases for the use of goods was sufficient to bring him under the protection of the SRCA.

The trial court denied defendant's motion, reasoning as follows:

> The orders solicited by Radina for Wieland were for the use and servicing of trucks. A truck is a **good**, based on the plain meaning of that term and its definition in the Uniform Commercial Code. . . .
>
> Based on the Court's interpretation of the statute, leases for the usage and servicing of trucks are solicitations of orders for goods. Thus, the Court finds that Radina was employed by Wieland for the solicitation of orders for goods and is therefore a sales representative as that term is defined by the SRCA. Additionally, the nature of the leases

sold by Radina (i.e. a combination of goods and services) are likewise within the purview of the Act. The fact that a service component was attached to the leases for the trucks does not make the leases any less solicitations of orders for goods. [Emphasis in original.]

At trial, plaintiff submitted evidence of the number and cash value of the leases he solicited for defendant, the amount of profit to date from those leases that he had not been paid commission on, and the amount of future profit from those leases that defendant would be entitled to if all of those leases were eventually paid in full. With these figures, plaintiff asserted that defendant's decision not to pay him commission following his termination would cost him $63,750 over the life of the leases. At the close of trial, the jury found for plaintiff and awarded him a verdict of $63,750. Defendant appeals as of right.

## II. ANALYSIS

### A. SALES REPRESENTATIVE

Defendant first argues that the trial court erred by denying its motion for summary disposition under MCR 2.116(C)(10). Specifically, defendant claims that plaintiff cannot avail himself of the protections of the SRCA because he is not a "sales representative," as defined by the act. We disagree.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Mahnick v Bell Co*, 256 Mich App 154, 157; 662 NW2d 830 (2003). In reviewing a trial court's decision on a motion for summary disposition pursuant to MCR 2.116(C)(10), this Court considers the affidavits, pleadings, depositions, admissions, and documentary evidence submitted by the parties in the light most favorable to the non-

moving party. *Id.* A motion for summary disposition under MCR 2.116(C)(10) should be granted if, there being no genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *Id.* Resolution of this issue also involves statutory interpretation, which is reviewed de novo by the Court. *Id.* "The goal of statutory interpretation is to give effect to the intent of the Legislature . . . ." *Homer Twp v Billboards By Johnson, Inc,* 268 Mich App 500, 502; 708 NW2d 737 (2005). And, in determining the Legislature's intent, statutory provisions must be read in the context of the whole statute and harmonized with the statute's other provisions. *Harvlie v Jack Post Corp,* 280 Mich App 439, 445; 760 NW2d 277 (2008).

The SRCA, MCL 600.2961, reads, in relevant part:

(1) As used in this section:

(a) "Commission" means compensation accruing to a sales representative for payment by a principal, the rate of which is expressed as a percentage of the amount of orders or sales or as a percentage of the dollar amount of profits.

(b) "Person" means an individual, corporation, partnership, association, governmental entity, or any other legal entity.

\* \* \*

(d) "Principal" means a person that does either of the following:

(i) Manufactures, produces, imports, sells, or distributes a product in this state.

(ii) Contracts with a sales representative to solicit orders for or sell a product in this state.

(e) "Sales representative" means a person who contracts with or is employed by a principal for the solicitation of orders or sale of goods and is paid, in whole or in part, by commission. Sales representative does not include a person

who places an order or sale for a product on his or her own account for resale by that sales representative.

There is no dispute that plaintiff is a person and that, because defendant was engaged in the sale and distribution of trucks throughout the state, plaintiff was also employed by a principal within the meaning of the SRCA. Plaintiff was also paid in part by commission, given that he was entitled to payment from defendant, the rate of which was expressed as a percentage of the dollar amount of profits generated by the leases he procured. Thus, the central factual question to be resolved in determining whether plaintiff was a "sales representative" under the SRCA is whether plaintiff was employed by defendant "for the solicitation of orders or sale of goods." In turn, the answer to that question depends on whether the solicitation of commercial-truck leases constitutes the solicitation of orders for a good. We answer both questions in the affirmative.

The terms "order" and "good" are not defined within the SRCA. When a term is not defined in the statute, with certain exceptions for technical terms, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used. MCL 8.3a; *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 748; 641 NW2d 567 (2002). The word "goods" is defined as "articles of trade; merchandise." *Random House Webster's College Dictionary* (2001), p 565. "Order" is defined as "a direction or commission to make, provide, or furnish something." *Id.* at 932. Given these definitions, we conclude that plaintiff's activities amounted to directing, on defendant's behalf, that defendant furnish merchandise, in this case trucks, to customers who wished to do business with defendant. Because the merchan-

dise was furnished through a lease rather than a sale, no passing of title occurred during these transactions, but the SRCA does not require a transfer of title.

Defendant relies on the definition of "goods" found in MCL 440.2105(1)[1] of Michigan's Uniform Commercial Code (UCC) and, specifically, that definition's reference to a contract for "sale" to support its argument that the vehicles that were the subject of the leases were not goods because there was no "sale." However, that definition is found in article 2 of the UCC, which governs sales. But article 2A of the UCC, which governs leases, defines "goods" as "all things that are movable at the time of identification to the lease contract." MCL 440.2803(1)(h). Consequently, defendant's main argument, that a good can *only* be defined in terms of a sales contract, is without merit.[2]

Therefore, because plaintiff was a person employed by a principal for the solicitation of orders for goods, and was paid in part by commission, plaintiff was a sales representative under the language of the SRCA, and the trial court properly denied defendant's motion for summary disposition.

### B. DAMAGES

Defendant next argues that the jury's award of $63,750 to plaintiff was unsupported by the evidence. However, defendant did not move for a new trial on this

---

[1] MCL 440.2105(1) states, " 'Goods' means all things . . . which are movable at the time of identification to the contract for sale . . . ."

[2] We also reject defendant's assertion at oral argument that article 2A only applies to "finance leases." MCL 440.2802 unambiguously states that "[article 2A] applies to any transaction, regardless of form, that creates a lease." And MCL 440.2803(1)(j) defines a "lease" as "a transfer of the right to possession and use of goods for a term in return for consideration."

basis or move for remittitur in the trial court. Absent such motions, defendant has waived the issue on appeal. *Klapp v United Ins Group Agency, Inc (On Remand)*, 259 Mich App 467, 475; 674 NW2d 736 (2003). Moreover, even if we did address the issue, it is clear that the terms of the leases that plaintiff procured for defendant were admitted into evidence. Contrary to defendant's assertion, a jury could reasonably infer that the leases were or will be paid and that commissions would be owed on the basis of those payments. Therefore, the jury had a reasonable basis for its award of damages, and any claim of the award being unsupported by the evidence would fail.

Affirmed.

TALBOT and SERVITTO, JJ., concurred with WILDER, P.J.