*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THE WALT DISNEY COMPANY,

Plaintiff-Appellee,

v

RACHAEL EUBANKS,

Defendant-Appellant.

FOR PUBLICATION
January 19, 2023
9:00 a.m.

No. 360291
Oakland Circuit Court
LC No. 2021-189464-CZ

Before: YATES, P.J., and JANSEN and SERVITTO, JJ.

PER CURIAM.

In this case involving the escheat of unclaimed property under the Uniform Unclaimed Property Act (UUPA), MCL 567.221 *et seq.*, defendant, Rachael Eubanks, Michigan State Treasurer, appeals as of right the trial court order granting summary disposition to plaintiff, the Walt Disney Company, which enjoined defendant from requiring plaintiff to report and remit unclaimed accounts payable checks to Michigan vendors and nonvendors (governmental agencies and nonprofit organizations) and unclaimed wages to Michigan residents for certain periods of time. On appeal, defendant argues that the trial court erred by determining that the "examination" conducted by defendant was not an "action or proceeding" under MCL 567.250(2), and therefore the statute of limitations barred defendant's claims. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of defendant's examination into plaintiff's compliance with the UUPA. Defendant informed plaintiff she was conducting this examination on February 26, 2013, and hired Kelmar Associates, LLC (Kelmar) to conduct the examination. Kelmar sent plaintiff an early version of a spreadsheet addressing the specifics of the unclaimed property plaintiff owed, and in response, plaintiff raised various defenses to the alleged owed amounts, including the statute of limitations barring the claims, MCL 567.250(2). Plaintiff also asserted that defendant failed to meet her burden to prove that any of the amounts not barred by the statute of limitations period were unclaimed property. Kelmar sent plaintiff another spreadsheet in November 2020, which included accounts payable and payroll checks from 2002 to 2014 that Kelmar and defendant found to be unclaimed property. Defendant determined that plaintiff owed $532,945.12.

Plaintiff filed suit in August 2021, seeking a declaratory judgment that the statute of limitations barred the majority of the alleged owed amounts because (1) more than 10 years passed since the unclaimed wages became reportable and remittable on July 1, 2011; (2) more than five years passed since the vendor payments became reportable and remittable on July 1, 2016; and (3) more than 10 years passed since any unclaimed amounts potentially owed to a governmental agency became reportable and remittable on July 1, 2011. Because these times had passed, the statute of limitations barred any action for collection of $524,260.15 of the alleged $532,945.12 owed. Defendant denied the allegations, and asserted that plaintiff was equitably estopped from asserting a statute of limitations defense because plaintiff was responsible for the delays in the examination.[1]

Plaintiff moved for summary disposition under MCR 2.116(C)(10), arguing that the amounts defendant claimed as being owed were barred by the statute of limitations, MCL 567.250(2). Plaintiff contended this reasoning was consistent with the 1981 Uniform Unclaimed Property Act (1981 Act)[2], on which the UUPA was based, and the purpose of statutes of limitations. Plaintiff alleged that defendant's presumption that all the checks were unclaimed property unless plaintiff proved otherwise was improper because it was defendant's burden to establish something is unclaimed property. Lastly, plaintiff argued the statute of limitations was not tolled by the commencement of the examination on February 26, 2013, because there is no provision in the statute indicating tolling applied, and tolling must be supported by statutory authority, and defendant's claim for equitable estoppel was inapplicable.

Defendant responded and moved for summary disposition under MCR 2.116(I)(2), contending that the main question in the case concerned what the phrase "action or proceeding" meant under MCL 567.250(2). Defendant noted that MCL 567.253 permitted a Treasurer to "bring an action in a court of competent jurisdiction to enforce this act." By specifying the action is in court, the Legislature's omission of a forum in MCL 567.250(2) indicated the language was broader, and included the examination. Defendant noted the UUPA recognized that standard

---

[1] This case was transferred to the Court of Claims in August 2021. Plaintiff moved to transfer the case back to the circuit court, defendant opposed the transfer, and the Court of Claims granted the motion, transferring the case back to circuit court in September 2021.

[2] For background information:

> In 1995, the National Conference of Commissioners on Uniform State Laws promulgated the Uniform Unclaimed Property Act (1995), which superseded the 1981 version of the Act, the Uniform Disposition of Unclaimed Property Act. The Uniform Act is custodial in nature, that is, it does not result in the loss of the owner's property rights. The Uniform Act is not an escheat act, but is a means of providing custodial possession by the state of property where the owner has not for a specified number of years exercised any control or possession of the property and offers the owner an opportunity to reclaim it at any time. The objectives of the Uniform Act are to protect unknown owners by finding them and restoring their property to them and to give the state, rather than the holders of unclaimed property, the benefit of its use. [29 ALR6th 507, § 2.]

examinations would be lengthy, and last multiple years. Plaintiff's unwillingness to cooperate significantly delayed the examination, and was the cause of about seven of its eight years of pendency. The expected length of examinations made it illogical that the statute of limitations continued to run through the examination period, especially considering the holder is in a position to delay the examination. Therefore, defendant concluded that the commencement of the examination is the commencement of the action or proceeding described in MCL 567.250(2).

The trial court granted plaintiff's motion for summary disposition, disagreeing with defendant's contention that the beginning of an examination was the beginning of an "action or proceeding" under MCL 567.250(2). The trial court found: "The plain meaning of MCL 567.250(2) requires actions to be filed within the applicable statute of limitations regardless of whether an examination is timely commenced." An "action" to enforce the examination determination, under MCL 567.253, was "unquestionably an 'action' under MCL 567.250, and must be filed within the statutory period[,]" and, by failing to timely file an action within the limitations period to retrieve the unclaimed property, the claims were time-barred. The trial court also asserted that defendant failed to cite any authority supporting her interpretation that an examination is an "action or proceeding" under MCL 567.250(2), particularly considering the Legislature's explicit reference to "examination" when discussing audits under MCL 567.251. The trial court also found defendant's interpretation to be inconsistent with the 1981 Act, specifically the comment under section 16(b), which required an administrator to commence an action against a holder within 10 years of the property becoming reportable. This language was added because it was initially unclear whether the statute of limitations applied to the state under the earlier version. The trial court therefore ordered that:

> Defendant's authority to require Disney or its affiliates to report and remit unclaimed accounts payable checks issued to Michigan vendors on or before March 31, 2013; unclaimed accounts payable checks that Disney issued to Michigan governmental agencies and other non-profit organizations on or before March 31, 2008; and unclaimed wages greater than $50 that Disney issued to Michigan residents on or before March 31, 2010, is time-barred under MCL 567.250. Defendant is enjoined from requiring Disney or its affiliates to report and remit the time-barred property.

Defendant now appeals.[3]

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision to grant or deny summary disposition." *Broz v Plante & Moran, PLLC*, 331 Mich App 39, 45; 951 NW2d 64 (2020). Although plaintiff moved for summary disposition under MCR 2.116(C)(10), the trial court specifically granted plaintiff's

---

[3] This Court granted the motion of the National Association of State Treasurers, through its affiliate, the National Association of Unclaimed Property Administrations (NAUPA), to file an amicus brief in this matter. *Walt Disney Co v Rachael Eubanks*, unpublished order of the Court of Appeals, entered July 12, 2022, (Docket No. 360291).

motion under MCR 2.116(C)(7), which permits summary disposition when a claim is barred by the statute of limitations.

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is appropriate. [*Dextrom v Wexford Co*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010) (footnotes omitted).]

This Court also reviews any issues of statutory interpretation or construction de novo. *Deutsche Bank Trust Co Americas v Spot Realty, Inc*, 269 Mich App 607, 612; 714 NW2d 409 (2005).

## III. ANALYSIS

Defendant argues the trial court erred when it determined the statutory limitations period continued to run after the examination began. We disagree.

The UUPA "provides a mechanism by which the state may hold certain unclaimed property in trust for the benefit of the rightful owner." *Flint Cold Storage v Dep't of Treasury*, 285 Mich App 483, 492; 776 NW2d 387 (2009). "The UUPA applies to both tangible and intangible property that is in the possession of a 'holder.' " *Id*., citing MCL 567.222(n) and MCL 567.223(1). Generally, "all property, . . . that is held, issued, or owing in the ordinary course of a holder's business and remains unclaimed by the owner for more than 5 years after it becomes payable or distributable is presumed abandoned." *Flint Cold Storage*, 285 Mich App at 492, citing MCL 567.223(1) (quotation marks omitted). "Once property is presumed abandoned under one of these provisions, it is subject to the custody of this state as unclaimed property[.]" *Flint Cold Storage*, 285 Mich App at 493 (quotation marks and citation omitted). A holder in possession of abandoned unclaimed property must, after sending written notice to the property's owner, report the property and remit it to the state. MCL 567.238(1) and (5); MCL 567.240(1).

The administrator, in this case, defendant, "may examine the records of a person to determine whether the person has complied with" the UUPA. MCL 567.251(2). However:

> (2) Except as otherwise provided in subsection (3), an action or proceeding shall not be commenced by the administrator with respect to any duty of a holder under this act more than 10 years, or, for the holder of records of transactions between 2 or more associations as defined under section 37(a)(2), more than 5 years, after the duty arose. [MCL 567.250(2) (footnote omitted).]

The notes to this provision indicate it was based on § 19 of the Uniform Unclaimed Property Act (1995). Holders must maintain records of owner information "for 10 years, or, for the holder of records of transactions between 2 or more associations as defined under section 37(a)(2), for 5 years, after the property becomes reportable, except to the extent that a shorter time is provided in

-4-

subsection (2) or by rule of the administrator." MCL 567.252(1). Holders who contest the examination determination may challenge it in circuit court. MCL 567.251a(1). An administrator seeking to enforce their determination "may bring an action in a court of competent jurisdiction to enforce" the UUPA. MCL 567.253.

"The primary goal of statutory construction is to give effect to the Legislature's intent." *McCormick v Carrier*, 487 Mich 180, 191; 795 NW2d 517 (2010). "This Court begins by reviewing the language of the statute, and, if the language is clear and unambiguous, it is presumed that the Legislature intended the meaning expressed in the statute." *Id.* "Judicial construction of an unambiguous statute is neither required nor permitted." *Id.* at 191-192. "A court should consider the plain meaning of a statute's words and their placement and purpose in the statutory scheme." *Id.* at 192 (quotation marks and citation omitted). "[I]n determining the Legislature's intent, statutory provisions must be read in the context of the whole statute and harmonized with the statute's other provisions." *Radina v Wieland Sales, Inc*, 297 Mich App 369, 373; 824 NW2d 587 (2012). "It is well established that different provisions of a statute that relate to the same subject matter are *in pari materia* and must be read together as one law." *TCF Nat'l Bank v Dep't of Treasury*, 330 Mich App 596, 609; 950 NW2d 469 (2019) (quotation marks and citation omitted).

The primary argument on appeal is whether an examination constitutes an "action or proceeding" under MCL 567.250(2). The UUPA does not define the terms "action," "proceeding," or "examination." However, each term is used in other provisions under the UUPA. For example, the word "examination" is mentioned in MCL 567.251(2) ("The administrator . . . may examine the records . . . . The administrator may conduct the examination . . . .") and MCL 567.251a(1) ("[T]he administrator shall mail to the holder by certified or registered mail a notice of examination determination . . . .") and (15) (" 'notice of examination determination' means a notice that states the property that is deliverable by the holder to the administrator as a result of an examination."). The term in these two provisions refers to the "examination of records," or audit, by an administrator. MCL 567.251(2) and MCL 567.251a(1).

By contrast, the words "action" and "proceeding," in addition to their mentions in MCL 567.250(2), are also in MCL 567.247 ("A person who is aggrieved by a decision of the administrator . . . may bring an action to establish the claim in the circuit court . . . ."); MCL 567.248(1) ("An action or proceeding shall not be maintained against a holder for or on account of any action taken by the holder in destroying or otherwise disposing of the property pursuant to the authorization of the administrator."); MCL 567.249 ("An action or proceeding shall not be maintained against the state or any officer or against the holder for or on account of any action taken by the administrator under this section."); MCL 567.251a(1) ("a holder that is aggrieved of the decision may bring an action in the circuit court, . . ."), (2) ("in lieu of filing an action in circuit court, the holder may later file an action in circuit court under the provisions of subsection (4) or (8)," (4), (8), (9), (12), (13), and (14) (other similar references); and MCL 567.254(4) and (5) ("the attorney general of this state may bring an action in the name of the administrator of the other state in a court of competent jurisdiction . . . .") and (5) ("The administrator may request that the attorney general of another state . . . bring an action in the name of the administrator in the other state."). In these instances, the terms "action" and "proceeding" refer to judicial actions and proceedings. The only time "action" does not mean a judicial action is when the statute discusses

the actions of individuals, and only occurs after a judicial "action" is already referenced. See MCL 567.248(1) and MCL 567.249.

Additionally, while defendant argues the omission of language indicating the venue of the "action or proceeding" is unique, and requires that the terms be interpreted broadly, this is incorrect. MCL 567.248 and MCL 567.249, when referring to an "action" by an administrator, contain no venue language. However, the context of the clauses indicates the actions are judicial. See MCL 567.248(1) ("An action or proceeding shall not be maintained against a holder for or on account of any action taken by the holder in destroying or otherwise disposing of the property pursuant to the authorization of the administrator"); MCL 567.249 ("An action or proceeding shall not be maintained against the state or any officer or against the holder for or on account of any action taken by the administrator under this section."). Both "actions" under these statutes concern actions after an administrator's earlier conduct. The conduct of an administrator before a lawsuit is the examination or audit. Therefore, the initial conduct at issue would be the examination, and the subsequent forbidden "action" is the judicial action to enforce the examination determination.

"When the Legislature uses different words, the words are generally intended to connote different meanings. Simply put, the use of different terms within similar statutes generally implies that different meanings were intended." *US Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n*, 484 Mich 1, 14; 795 NW2d 101 (2009) (quotation marks and citation omitted). The use of these distinct words in specific contextual situations indicates the Legislature's intent that these words mean different things. The fact that the Legislature omitted the word "examination" from MCL 567.250(2), despite using it elsewhere in the statute, indicates the Legislature intended to exclude "examinations" from consideration under MCL 567.250(2). See *Mays v Snyder*, 323 Mich App 1, 40; 916 NW2d 227 (2018), aff'd 506 Mich 157 (2020) ("It is a basic tenet of statutory construction that the omission of a statutory provision should be construed as intentional."). An examination is not an "action or proceeding," which halts the statute of limitations. Therefore, the trial court properly granted plaintiff summary disposition under MCR 2.116(C)(7) because defendant's claims for remittance of unclaimed accounts payable checks and unclaimed wages were time-barred.[4] This renders discussion of the parties' other arguments on appeal irrelevant.

Affirmed.

/s/ Christopher P. Yates
/s/ Kathleen Jansen
/s/ Deborah A. Servitto

---

[4] The trial court noted in its opinion and order that "[d]efendant does not dispute that more than 10 years have elapsed (or 5 years, in the case of checks paid to other businesses) since the amounts at issue were required to be reported and remitted to the State. Thus, there is no dispute that the statutory period has run."